UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAUDELIO GARCIA-JIMENEZ,<br><br>                          Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Defendant. | No. C15-5656 RJB-KLS<br><br>**RE-NOTED ORDER TO SHOW CAUSE OR AMEND COMPLAINT** |

Plaintiff Baudelio Garcia-Jimenez, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S. C. § 1983 civil rights lawsuit against the United States of America.  At the time of filing, plaintiff was detained at the Northwest Detention Center (NWDC), a federal immigration detention facility administered under contract by The GEO Group, Inc.[1]  He alleges that he has a problem because "the judge deported me to Mexico and … my problem is dialysis."  The remainder of the complaint is somewhat indecipherable, but makes mention of "diabetic."  Dkt. 7, at 2-3.  Having reviewed and screened the Complaint, the Court declines to serve the complaint but provides Mr. Garcia-Jimenez leave to file an amended pleading by **January 29, 2016[2],** to cure the deficiencies identified herein.

---

[1] See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm

[2] This Order to Show Cause or Amend (OSC) was originally sent to Mr. Garcia-Jimenez at the NWDC on October 20, 2015 with a deadline to respond by November 20, 2015. Dkt. 8. The Order was returned to the Court marked "[n]ot deliverable as addressed/unable to forward.  Not Here." Dkt 10. This **re-noted** OSC is being mailed to plaintiff at an address included in his proposed complaint (1022 ½ Magnolia Avenue, Long Beach, California 90813).

ORDER TO SHOW CAUSE OR TO AMEND - 1

**DISCUSSION**

It is unclear from plaintiff's allegations whether he is suing because a "judge deported" him to Mexico or whether he is claiming that he needs dialysis and is not being provided with appropriate medical care at the NWDC. If plaintiff is complaining of his deportation order, this court lacks jurisdiction over any claim that directly or indirectly challenges an order of removal. *See Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); 8 U.S.C. 1252(a)(5). Therefore, his complaint is subject to dismissal.

If plaintiff is complaining that he is being denied needed medical care, his complaint is deficient because he fails to (1) identify his medical condition and necessary care; (2) describe what medical care he has or has not received; and (4) identify who at the NWDC is depriving him of needed medical care.

If plaintiff seeks to sue federal officers at the NWDC, he must name the individual federal officers (or describe them so that they may be identified) and explain how he was deprived of a right secured by the Constitution. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir.2003).

If plaintiff seeks to sue privately employed personnel at the NWDC (GEO employees), he must seek a remedy under state tort law. Where a federal detainee seeks damages from privately employed personnel (GEO employees), working at a privately operated federal prison (the NWDC), where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving lack of medical care here), the prisoner must seek a remedy under state tort law. A *Bivens* remedy will not be implied in such a case. *See, Minneci v. Pollard*, ––– U.S. ––––, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012).

ORDER TO SHOW CAUSE OR TO AMEND - 2

Plaintiff names only the United States of America as a defendant. Suit against the United States of America may be brought under the Federal Tort Claims Act ("FTCA"), however, the FTCA specifically provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant first exhausts his administrative remedies. *See* 28 U.S.C. § 2875(a). The administrative claim requirement mandates that a plaintiff present a claim to the appropriate federal agency within two years of the date it accrues. *Staple v. United States*, 740 F.2d 766, 768 (9th Cir .1984). Thus, to the extent that plaintiff seeks to pursue claims under the FTCA, he must present a proper administrative claim to the appropriate agency. Plaintiff has not shown that he presented a valid claim to any Federal agency.

If plaintiff chooses to file an amended complaint he should do so on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. If the amended complaint is not timely filed or if it fails to adequately address the issues raised herein on or before **January 29, 2016**, the Court will recommend dismissal of this action.

**The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff**.

**DATED** this 4th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE OR TO AMEND - 3