UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BAUDELIO GARCIA-JIMENEZ,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | No. C15-5656 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted For:  April 22, 2016 |

Pro Se Plaintiff Baudelio Garcia-Jimenez has failed to keep the Court apprised of his current address.  It has been more than sixty days since the Court's mailing to Mr. Garcia-Jimenez was returned and the Court does not have a current address for him.  Therefore, the undersigned recommends that the Court dismiss this action as Mr. Garcia-Jimenez appears to have abandoned his case.

**DISCUSSION**

Mr. Garcia-Jimenez filed this 42 U.S.C. § 1983 civil rights complaint in September, 2015 while incarcerated at the Northwest Detention Center.  Dkt. 1.  He was granted leave to proceed *in forma pauperis*.  Dkt. 6.  The Court declined to serve his complaint due to several deficiencies, but granted Mr. Garcia-Jimenez leave to file an amended complaint in an Order to Show Cause or Amend Complaint dated October 20, 2015.  Dkt. 8.  On October 27, 2015, the Court's Order granting *in forma pauperis* status was returned by the NWDC marked "Not Here."

REPORT AND RECOMMENDATION - 1

Dkt. 9. On November 2, 2015, the Court's Order to Show Cause or Amend Complaint was returned, marked "not deliverable as addressed/unable to forward," and "Not Here." Dkt. 10.

On January 4, 2016, the Court re-noted its Order to Show Cause to allow plaintiff additional time to respond and the Order was sent to plaintiff at a Long Beach, California address found in his complaint. Dkt. 11. On January 21, 2016, that mailing was returned, marked "not deliverable, unable to forward." Dkt. 12. Rule 41(b)(2) of the Local Rules provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41(b)(2), Local Rules W.D. Wash.

## CONCLUSION

This action has existed more than sixty days without a current address for plaintiff. Therefore, it is recommended that the Court dismiss this action without prejudice for failure to prosecute pursuant to Local Rule 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 22, 2016**, as noted in the caption.

//

//

REPORT AND RECOMMENDATION - 2

**DATED** this 4th day of April, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3